## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARIO MALCOLM,
          Appellant,

      v.

DEPARTMENT OF COMMERCE,
          Agency.

DOCKET NUMBER
DC-0432-15-1154-I-1

DATE: October 6, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Mario Malcolm</u>, Silver Spring, Maryland, pro se.

<u>Kathryn Siehndel</u>, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance under 5 U.S.C. chapter 43. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal to the Washington Regional Office for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

further adjudication consistent with the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2        The appellant held the position of Patent Examiner with the agency's U.S. Patent and Trademark Office.  Initial Appeal File (IAF), Tab 8 at 48.  On October 17, 2014, he received a written warning of unacceptable performance in the critical element of production.  IAF, Tab 5 at 49-50.  The agency afforded him a period from October 19, 2014, to February 7, 2015, to increase his production to at least the marginal level.  *Id.* at 4.  The appellant successfully improved his production by completing the performance improvement period (PIP).  *Id.*  The agency notified him that he was required to maintain at least the marginal level of performance in the production critical element for a 1-year period from the start of the PIP, *id.* at 4-5, and that his failure to comply with this requirement could result in his removal.  *Id.* at 5.

¶3        After determining that the appellant's performance in the production critical element was again unacceptable during the first maintenance period from February 22 to May 16, 2015, the agency issued him a notice of proposed removal.  IAF, Tab 4 at 44-48.  Upon consideration of his written reply, the agency removed him for unacceptable performance in the critical element of production, effective August 18, 2015.  *Id.* at 35-36, 40-41.

¶4        The appellant filed a Board appeal of his removal but did not request a hearing.  IAF, Tab 1 at 1-4.  After a close of record conference, the appellant filed motions to compel discovery and to supplement the summary of the close of record conference.  IAF, Tab 11 at 3-6.  He also submitted a detailed comparison of two of his office actions allegedly showing that his supervisor's multiple requests for revisions of those actions harmed his production.  *Id.* at 9-10, 12-28.  In an initial decision based on the written record, the administrative judge

affirmed the appellant's performance-based removal. IAF, Tab 13, Initial Decision (ID) at 3, 14-15. He also denied the appellant's motions. ID at 2 n.2.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

¶6 As noted, consistent with the Federal Circuit's decision in *Santos*, 990 F.3d at 1360-63, we are remanding this appeal for further adjudication. In *Santos*, the court held for the first time that, in addition to the elements of a chapter 43 case set forth by the administrative judge, an agency must also show that the initiation of a PIP was justified by the appellant's unacceptable performance before the PIP. *Id.* Prior to addressing the remand, however, we consider the administrative judge's findings on the elements of a chapter 43 appeal as they existed at the time of the initial decision and the appellant's arguments on review.

The appellant failed to show that the administrative judge erred, under the law in effect at the time, in finding that the agency satisfied its burden to prove that the appellant's performance was unacceptable.

¶7 At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence[2] that: (1) the Office of Personnel Management approved its performance appraisal system and any significant changes; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1) (2012)[3]; (4) the agency warned the appellant of the

---

[2] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). This is a lower standard of proof than preponderance of the evidence. *Id.*

[3] Effective December 12, 2017, the National Defense Authorization Act of 2018 recodified 5 U.S.C. § 4302(b) to 5 U.S.C. § 4302(c). Pub. L. No. 115-91, § 1097(d)(1), 131 Stat. 1283, 1619-20. Because this amendment post-dates the action at issue here,

inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in at least one critical element. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). The agency may remove an employee for unsuccessful performance under chapter 43 after the successful completion of a PIP if: (1) the instances of unacceptable performance are in the same critical element involved in the PIP; and (2) the agency's reliance for its action is limited to those instances of performance that occur within 1 year of the advance notice of the PIP. *Muff v. Department of Commerce*, 117 M.S.P.R. 291, ¶ 5 (2012); *see* 5 C.F.R. § 432.105(a)(1)-(3).

¶8        In his petition for review, the appellant does not challenge the administrative judge's findings that the agency met its burden of proving the first, second, third, and fifth elements of a performance-based removal. PFR File, Tab 1; ID at 5, 8-10. Based on our review of the record, we find no reason to disturb those findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶9        The appellant instead disputes the administrative judge's finding that the agency gave him a reasonable opportunity to demonstrate acceptable performance. PFR File, Tab 1 at 5-6; ID at 13. Specifically, he argues that his production was lowered because his supervisor unduly delayed approving his office actions by returning them to him multiple times for revisions. PFR File, Tab 1 at 5-6. To support his argument, he cites to *Greer v. Department of the Army*, 79 M.S.P.R. 477 (1998). *Id.* He also references the "Quality Major Activities" that are listed in his performance appraisal plan and are relevant to

we refer to the earlier codification. *Harris v. Securities & Exchange Commission*, 972 F.3d 1307, 1311 n.1 (Fed. Cir. 2020).

rating the critical element of quality, and a detailed comparison of two of his office actions. *Id.*

¶10    For the following reasons, we find that the appellant has failed to provide a reason to disturb the initial decision's findings regarding the opportunity to improve. In *Greer*, 79 M.S.P.R. at 487, the Board affirmed the appellant's performance-based removal. In finding that the agency proved that the appellant's performance was unacceptable, the Board considered an agency official's testimony on the shortcomings of the employee's work product and compared such work product with the agency's examples of satisfactory work. *Id.* at 485. The Board found it appropriate to defer to the agency's judgment regarding the adequacy of the appellant's performance as a research scientist. *Id.*

¶11    Here, the appellant claims that, in contrast to the Board's analysis in *Greer*, the administrative judge failed to consider his evidence allegedly showing the adequacy of his office actions and that revisions were unnecessary. PFR File, Tab 1 at 5-6. We find that the administrative judge acted consistently with *Greer* by relying on the agency's evidence demonstrating that the appellant's performance was deficient. ID at 9-10, 12-13; *see Fernand v. Department of the Treasury*, 100 M.S.P.R. 259, ¶ 8 (2005) (explaining that, under the substantial evidence standard, the agency is not required to provide evidence regarding the appellant's performance that is more persuasive than that presented by the appellant), *aff'd*, 210 F. App'x 992 (Fed. Cir. 2006) (Table). The administrative judge also addressed the appellant's submission comparing two of his actions, but found it without merit. ID at 10. To the extent the administrative judge did not discuss the appellant's submission in depth, it does not mean that he did not consider it. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, as in *Greer*, we find it appropriate to defer to the agency's determination that revisions to the appellant's office actions were necessary before they were approved by his supervisor. IAF, Tab 4 at 51-70. Thus, even assuming that the quality

component lowered the appellant's production, we need not determine whether his office actions satisfied the "Quality Major Activities" contained in his performance appraisal plan.

¶12        Importantly, the appellant does not dispute that he received an approximately 3-month PIP and an approximately 3-month period of evaluation during the 1-year maintenance period, and assistance and feedback from his supervisor during these periods.  5 C.F.R. § 432.104; ID at 11-13; *see Lee*, 115 M.S.P.R. 533, ¶ 33 (finding that a 60-day PIP can satisfy an agency's obligation to provide an employee with a reasonable opportunity to demonstrate acceptable performance).  Although the appellant successfully improved his production during the PIP, it is undisputed that his production was unacceptable within 1 year of the beginning of the PIP.  ID at 12-13.  Therefore, we agree with the administrative judge's finding that the agency proved that it afforded the appellant a reasonable opportunity to improve his performance before removing him for unacceptable performance during the first maintenance period instituted following the successful completion of the PIP.  ID at 13-14; *see* 5 C.F.R. § 432.105(a)(1)-(3); *see, e.g.*, *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶¶ 6-7 (2013) (finding that the agency provided the appellant with a reasonable opportunity to improve performance before proposing a reduction-in-grade action for his unacceptable performance following his successful completion of a PIP by complying with 5 C.F.R. § 432.105(a)(1)-(3)).

¶13        Next, the appellant disputes the administrative judge's denial of his motion to supplement the summary of the close of record conference.  PFR File, Tab 1 at 5.  In requesting to supplement the summary, the appellant stated, "Administrative Judge acknowledged that denying the Appellant an opportunity to perform is a viable consideration to meet the grievances of the Appellant.  Appellant presented a path to proving the opportunity to improve performance was denied via analysis of the submitted work product."  IAF, Tab 11 at 5.  The administrative judge denied the motion because the Board lacks the "expertise

[and] the authority to evaluate whether patent applications meet the standards for granting a patent." ID at 2 n.2; IAF, Tab 10 at 2. We find that the administrative judge properly denied the appellant's motion and limited the appeal to the relevant issue of whether the agency satisfied its burden of proving the elements of a performance-based removal under chapter 43. IAF, Tab 10 at 1-2.

¶14 Finally, the appellant contests the administrative judge's denial of his motion to compel discovery. PFR File, Tab 1 at 6. The Board will not reverse an administrative judge's rulings on discovery matters, including a motion to compel, absent an abuse of discretion. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014). Here, the administrative judge denied the appellant's motion because he already had denied it as irrelevant during the close of record conference and had determined that the appellant should have made the motion during the discovery period. ID at 2 n.2; IAF, Tab 10 at 2. The appellant has not shown error in the administrative judge's findings, and therefore, we find that he has failed to show an abuse of discretion in the denial of discovery.

Remand is necessary to afford the parties an opportunity to submit evidence and argument regarding whether the appellant's placement on a PIP was proper.

¶15 As noted, during the pendency of the petition for review in this case, the Federal Circuit issued *Santos*, 990 F.3d at 1360-63, in which it held that, in addition to the five elements of the agency's case, as set forth above, the agency must also justify the initiation of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the record in this case already contains evidence suggesting that the appellant's performance prior to the initiation of the PIP was unacceptable, IAF, Tab 5 at 49-50, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the

appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements.[4] *See Lee*, 2022 MSPB 11, ¶¶ 15-17.

¶16　　The administrative judge shall then issue a new initial decision consistent with *Santos*.　*See id.*　If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate in the remand initial decision his prior findings on the other elements of the agency's case.

## ORDER

¶17　　For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication consistent with this Remand Order.


FOR THE BOARD:　　　　　　　　　　/s/ for
　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　Acting Clerk of the Board
Washington, D.C.

---

[4] The agency's obligation under *Santos* is unaffected by the fact that the appellant successfully improved his performance during the PIP, given that he suffered a subsequent lapse in performance within the 1-year period following the initiation of the PIP, resulting in his removal.